UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

KEVIN HERRERA,

    Plaintiff,

Vs.

TACTOPSUSA LLC, a Florida limited liability company, and
FRANCK PALA,  individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, KEVIN HERRERA, ("HERRERA"),  by and through his undersigned counsel, files this Complaint against Defendants, TACTOPSUSA LLC, a Florida limited liability company ("TACTOPSUSA"), and FRANCK PALA, ("PALA"), individually, and states as follows:

## INTRODUCTION

1.    This is a proceeding against TACTOPSUSA, AGUILAR and PALA for monetary damages to redress the deprivation of rights secured to Plaintiff, HERRERA, under the minimum wage and maximum hour provision of Sections 6 and 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA") as well as for unpaid wages under state law.

1

## JURISDICTION

2. The jurisdiction of the Court over this controversy is based on 29 U.S.C. §216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

## VENUE

3. The venue of this Court over this controversy is based on the following:

   a. The unlawful employment practice alleged below occurred and/or were committed within Miami-Dade County, Florida;

   b. Defendant, TACTOPSUSA, was and continues to be a Florida corporation doing business within the Southern District of Florida; and

   c. Upon information and belief, the individual Defendant, PALA, resides in Miami-Dade County Florida.

## PARTIES

4. At all times material hereto, Plaintiff, HERRERA, was and continues to be a resident of Broward County, Florida.

5. At all times material hereto, Plaintiff, HERRERA was an "employee" within the meaning of the FLSA.

6. At all times material hereto, Defendant, TACTOPSUSA, was and continues to be a limited liability company organized under the laws of the State of Florida engaged in the drywall and demolition business.

7. At all times material hereto, Defendant, TACTOPSUSA, was engaged in business at 5744 NE 4th Avenue, Miami, Florida, within the Southern District of Florida.

8. At all times material hereto, Defendant TACTOPSUSA is an employer authorized to do business and doing business in Florida, with a place of business in Miami-Dade County, Florida.

9. Further, at all times relevant Defendant TACTOPSUSA was an "employer" with the meaning of § 3(d) of the FLSA, 29 U.S.C. §203(d).

10. At all times material hereto, Defendant, TACTOPSUSA, regularly owned and operated a business engaged in commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and § 203(s).

11. At all times material hereto, Plaintiff, HERRERA was "engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, Defendant, TACTOPSUSA, was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

13. At all times material hereto, annual gross revenue of Defendant, TACTOPSUSA, was in excess of $ 500,000.00 per annum during the relevant time periods.

14. At all times material hereto, the items used by the Defendant, TACTOPSUSA, for the operation of its business travelled in interstate commerce.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

16. At all times material hereto, Defendant, PALA, was an officer, owner, and member of Defendant TACTOPSUSA, who controlled how Plaintiff was compensated and is therefore an employer within the meaning of the FLSA.

## **STATEMENT OF FACTS**

17. Plaintiff, HERRERA, was originally hired as security guard for Defendants on October 12, 2020. Mr. HERRERA was terminated on December 5, 2020. Plaintiff was supposed to receive $ 18.00 per hour for his labor.

18. During the relevant time period, from October 12, 2020 and continuing through the end of his employment, Plaintiff worked the following hours:

   a. Week 1: October 12-18: 64 hours

   b. Week 2: October 19-25: 63 hours

   c. Week 3: October 26-Nov. 1: 84 hours

   d. Week 4: Nov. 2-8: 87.5 hours

   e. Week 5: Nov. 9-15: 85.5 hours

   f. Week 6: Nov. 16-22: 84 hours

   g. Week 7: Nov. 23-29: 84 hours

   h. Week 8: Nov. 30-Dec. 5: 50.5 hours

During this time frame, Defendants paid Mr. Hernandez and other similarly situated employees by check, at the rate of $ 18.00 per hour.

19. Plaintiff, HERRERA, and all similarly situated hourly security guards hired by Defendants were intentionally misclassified as independent contractors even though Defendants set the hours, rate of pay, job duties, and terms of employment. Moreover, Defendants even had Plaintiff, and all similarly situated employees sign non-compete agreements prohibiting them from working as security guards within Miami Dade, Broward, and Palm Beach counties for a period of two years.

20. Upon information and belief, the Defendants misclassified the Plaintiff and all similarly situated employees in order to avoid having to comply with wage and hour

4

laws such as minimum wage and overtime laws, as well as the Internal Revenue Code, such that the Defendants did not withhold the appropriate payroll taxes and filed fraudulent 940's, 941's, W2's, and W3's by not disclosing the compensation paid to the Plaintiff and other similarly situated employees and by not making the required disclosures. In fact, Plaintiff never received a 1099 or W2 for his compensation and as such presumes that his information was intentionally omitted from Defendants' IRS submissions.

21. During the course of Mr. HERRERA's employment, Defendants violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b), by not paying Mr. HERRERA or other similarly situated employees overtime at the rate of time and one-half their hourly rate. Instead, Defendants would pay the misclassified employees a straight time rate and would not make the necessary payroll deductions required by law.

22. Additionally, for the last three weeks of Plaintiff's employment, Defendants violated section 6 of the FLSA by not paying Plaintiff any wages for his work in violation of the federal minimum wage provisions of the FLSA. Additionally, Plaintiff was not paid time and one-half for all hours worked in excess of forth during the last three weeks of his employment.

23. During the relevant time period, Plaintiff is owed the following overtime compensation totaling $ 5,134.50 calculated as follows:

   a. Week 1: 24 hours overtime x $ 18.00/hr x .50 = $ 216.00
   b. Week 2: 23 hours overtime x $ 18.00/hr x .50 = $ 207.00
   c. Week 3: 44 hours overtime x $ 18.00/hr x .50 = $ 396.00
   d. Week 4: 47.5 hours overtime x $ 18.00/hr x .50 = $ 427.50
   e. Week 5: 45.5 hours overtime x $ 18.00/hr x 1.5= $ 1,228.50
   f. Week 6: 44 hours overtime x $ 18.00/hr x 1.5=$1,188.00

5

g. Week 7: 44 hours overtime x $ 18.00/hr x 1.5=$1,188.00

h. Week 8: 10.5 hours overtime x $ 18.00/hr x 1.5=$ 283.50.

Additionally, Plaintiff is owed an equal amount as liquidated damages for the unpaid overtime thereby totaling **$ 10,269.00.**

24. Plaintiff is also owed for the 160 regular hours he worked in weeks 5 thru 8 in which the Defendants failed to compensate him in the amount of **$ 2,880.00**.

25. Plaintiff is also owed federal minimum wages for weeks 5 through 8 for 304 hours in the amount of $ 2,204.00 plus an equal amount as liquidated damages totaling **$4,408.00**.

26. Defendants have and continue to violate Title 29 U.S.C. §§ 206 and 207 in that Plaintiff, and all similarly situated employees who worked in excess of the maximum hours provided by the FLSA were not paid at a rate of time and one-half the hourly rate for all overtime hours worked, in excess of 40 hours per pay period and for the weeks Defendants withheld Plaintiff's paychecks violated the federal minimum wage provisions of the FLSA.

27. Defendants' conduct was willful.

28. Such continuing conduct by the Defendants evidences a willful decision by the Defendants and their agents to violate the overtime provisions of the FLSA. At no time did the Defendants have reasonable grounds for believing that their acts and/or omissions were not a violation of the FLSA.

29. Plaintiff has retained the Law Firm of Michael A. Pancier, P.A., to represent him and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIMS

## COUNT I

### VIOLATION OF 29 U.S.C. §§ 207
### OVERTIME COMPENSATION

30. Plaintiff, HERRERA, realleges and reavers paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Plaintiff, HERRERA, was entitled to be paid at the rate of time and one-half of his hourly rate for the hours that he worked in excess of the maximum hours provided for in the FLSA.

32. Due to intentional, willful, and unlawful acts of Defendants, TACTOPSUSA and PALA, Plaintiff, HERRERA, has suffered damages in lost compensation for the time he worked over forty (40) hours per week without receiving overtime compensation, plus liquidated damages.

33. During the relevant time period, Plaintiff is owed the following overtime compensation totaling $ 5,134.50 calculated as follows:

   a. Week 1: 24 hours overtime x $ 18.00/hr x .50 = $ 216.00

   b. Week 2: 23 hours overtime x $ 18.00/hr x .50 = $ 207.00

   c. Week 3: 44 hours overtime x $ 18.00/hr x .50 = $ 396.00

   d. Week 4: 47.5 hours overtime x $ 18.00/hr x .50 = $ 427.50

   e. Week 5: 45.5 hours overtime x $ 18.00/hr x 1.5= $ 1,228.50

   f. Week 6: 44 hours overtime x $ 18.00/hr x 1.5=$1,188.00

   g. Week 7: 44 hours overtime x $ 18.00/hr x 1.5=$1,188.00

   h. Week 8: 10.5 hours overtime x $ 18.00/hr x 1.5=$ 283.50.

34. Plaintiff is therefore owed a grand total of $ 5,134.50 in unpaid overtime plus an equal amount as liquidated damages or **$ 10,269.00.**

35. Plaintiff, HERRERA, is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, HERRERA, respectfully request that judgment be entered in his favor against Defendants, TACTOPSUSA and PALA, jointly and severally:

    a. Declaring, pursuant to 28 U.S.C. §2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount of $5,134.50 in unpaid overtime and an equal amount as liquidated damages totaling **$ 10,269.00** in damages;

    c. Awarding the Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    d. Awarding Plaintiff post judgment interest (and prejudgment interest in the event that liquidated damages are not awarded), and;

    e. Ordering any other relief that this Court deems just and proper.

### COUNT II

**VIOLATION OF 29 U.S.C. §§ 206**
**FEDERAL MINIMUM WAGE VIOLATION**

36. Plaintiff realleges and reavers paragraphs 1 through 29 of this Complaint as if fully set forth herein.

37. Pursuant to section 6 of the FLSA, Plaintiff was entitled to be paid at the rate of not less than $7.25 per hour for the regular hours that he worked for Defendants.

38. From on or about November 9, 2020 and continuing through December 5, 2020, Plaintiff worked for 304 hours performing security services for the Defendants.

39. Defendants withheld Plaintiff's paychecks for this time period resulting in Plaintiff not receiving any compensation for his services thereby violating section 6 of the FLSA.

40. Defendants' actions were willful.

41. Plaintiff was underpaid below the applicable federal minimum wage rate by $ 2,204.00 ($ 7.25 x 304 hours).

42. Plaintiff is entitled therefore to minimum wage damages in the amount of $2,204.00 plus an equal amount as liquidated damages totaling **$4,408.00**.

43. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered jointly and severally in his favor against Defendants:

a. Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

b. Awarding Plaintiff unpaid minimum wages of $2,204.00 plus an equal amount as liquidated damages totaling **$4,408.00;**

c. Awarding Plaintiff reasonable attorney's fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding Plaintiffs post judgment interest; and

e. Ordering any other and further relief that this court may deem just and proper.

## COUNT III

## BREACH OF ORAL EMPLOYMENT CONTRACT

44. Plaintiff, HERRERA, realleges and reavers paragraphs 1 through 29 of this Complaint as if fully set forth herein.

45. Plaintiff fully performed his obligations under his employment contract with the Defendant, by, inter alia, providing security guard services for the Defendant up through December 5, 2020.

46. More specifically, the Defendant, TACTOPSUSA, agreed to pay Plaintiff the rate of $ 18.00 per hour for his services.

47. Defendant, TACTOPSUSA, breached its agreement with Plaintiff by failing to pay him for 160 regular hours totaling $ 2,880.00 ($ 18 x 160) for the last four weeks that Plaintiff worked to which he was not compensated.

48. As a direct and proximate result of the Defendant's breach of contract, Plaintiff has been damaged and continues to suffer damages in the amount of $ 2,880.00 plus interest.

49. Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to section 448.08, Florida Statutes.

**WHEREFORE**, Plaintiff respectfully request the Court enter judgment in his favor and against the Defendant, TACTOPSUSA, for breach of the Agreement, awarding him damages in the amount of $ 2,880.00, plus prejudgment interest, post judgment interest, and any other relief the Court deems just and proper, including an award of attorney's fees and costs pursuant to section 448.08, Florida Statutes.

## COUNT IV - UNJUST ENRICHMENT

50. Plaintiff re alleges paragraphs 1-29 as if specifically recited herein.

51. Plaintiff has provided valuable services that benefited the Defendant, TACTOPSUSA.

52. The Defendant, TACTOPSUSA, has enjoyed the benefit of those services and retains the benefit of those valuable services.

53. Under the circumstances, it would be unjust for the Defendant to retain the benefit of Plaintiff's services on behalf of the Defendant and still refuse to make payment to the Plaintiff.

**WHEREFORE**, Plaintiff respectfully request the Court enter judgment in his favor and against the Defendant, TACTOPSUSA, for damages for unjust enrichment in the amount of $ 2,880.0, pre-judgment interest, post judgment interest, and any other relief the Court deems just and proper, including an award of attorney's fees and costs pursuant to section 448.08, Florida Statutes.

### JURY DEMAND

Plaintiff demands trial by jury.

Dated: November 22, 2021

        Respectfully submitted,

        Law Offices of Michael A. Pancier, P.A.,
        **Attorneys for Plaintiff**
        9000 Sheridan Street, Suite 93
        Pembroke Pines, FL 33024
        TEL: (954) 862-2217

          /s/ Michael A. Pancier, Esq.
        Michael A. Pancier, Esq.
        Fla. Bar No. 958484